**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Adalberto R. Carrero <br>            Debtor <br><br> VFS Arctos, LLC <br>            Movant <br> vs. <br><br> Adalberto R. Carrero <br>            Debtor <br><br> Scott F. Waterman, Esquire <br>            Trustee | CHAPTER 13 <br><br> NO. 17-14718 PMM <br><br> 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition default with regards the Claim held by the Movant on the Debtor's residence is **$6,660.86** which breaks down as follows:

| | |
|---|---|
| Taxes & Insurance: | 2018 School Taxes in the amount of $2,738.56 <br> 2019 County Taxes in the amount of $453.91 <br> 2019 School Taxes in the amount of $2,807.48 <br> 2019 Municipal Taxes in the amount of $660.91 |
| **Total Post-Petition Default** | **$6,660.86** |

2. The Debtor shall cure said arrearages in the following manner:

a) On or before April 30, 2020, Debtor shall tender $3,853.38 to Movant, which represents the funds Movant paid in regards to the 2018 School Taxes in the amount of $2,738.56; 2019 County Taxes in the amount of $453.91; and 2019 Municipal Taxes in the amount of $660.91.

b) On or before April 30, 2020, Debtor shall provide to Movant proof of payment in full of the 2019 School Taxes, which are still delinquent, and in the current amount of $2,807.48.

3. Ongoing, Debtor shall be responsible for maintaining and paying all real property taxes and hazard insurance on the property as required by the Note and Mortgage, and upon request, providing secured creditor with proof of payment of real property taxes and valid hazard insurance for the property with secured creditor identified as a loss payee.

4. In the event the payments or proofs under Sections 2 and 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. Debtor states that all other prior property taxes other than the amounts listed in Section 1 are current. If Movant obtains proof that other property taxes are delinquent, Movant may proceed with the notification of default and Certification of Default procedure described in Section 4.

6. If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 5, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: February 21, 2020

George M. Lutz, Esquire
Attorney for Debtor

Date: 2/28/2020

Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of March___, 2020  However, the court retains discretion regarding entry of any further order.

**Date: March 19, 2020**

*/s/ Patricia M. Mayer*
_____
Bankruptcy Judge
Patricia M. Mayer