United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 17-14718-pmm
Adalberto R. Carrero                                                      Chapter 13
          Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4            User: Virginia           Page 1 of 1              Date Rcvd: Mar 19, 2020
                               Form ID: pdf900          Total Noticed: 1


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 21, 2020.
db              +Adalberto R. Carrero,    522 East Church Street,    Slatington, PA 18080-2008

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                   TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 21, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 19, 2020 at the address(es) listed below:
          GEORGE M. LUTZ   on behalf of Debtor Adalberto R. Carrero glutz@hvmllaw.com,
           amerkey@hvmllaw.com;r49419@notify.bestcase.com
          KEVIN G. MCDONALD   on behalf of Creditor   VFS Arctos, LLC bkgroup@kmllawgroup.com
          LISA MARIE CIOTTI   on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          MATTEO SAMUEL WEINER   on behalf of Creditor   VFS Arctos, LLC bkgroup@kmllawgroup.com
          MATTEO SAMUEL WEINER   on behalf of Creditor   STRATREC bkgroup@kmllawgroup.com
          REBECCA ANN SOLARZ   on behalf of Creditor   VFS Arctos, LLC bkgroup@kmllawgroup.com
          SCOTT F. WATERMAN (Chapter 13)   ECFMail@ReadingCh13.com
          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM  MILLER*R   on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com,
           ECF_FRPA@Trustee13.com
                                                                                        TOTAL: 9

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Adalberto R. Carrero | | CHAPTER 13 |
| | Debtor | |
| VFS Arctos, LLC | | |
| | Movant | |
| vs. | | NO. 17-14718 PMM |
| Adalberto R. Carrero | | |
| | Debtor | |
| Scott F. Waterman, Esquire | | 11 U.S.C. Section 362 |
| | Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition default with regards the Claim held by the Movant on the Debtor's residence is

**$6,660.86** which breaks down as follows:

| | |
|---|---|
| Taxes & Insurance: | 2018 School Taxes in the amount of $2,738.56 |
| | 2019 County Taxes in the amount of $453.91 |
| | 2019 School Taxes in the amount of $2,807.48 |
| | 2019 Municipal Taxes in the amount of $660.91 |
| **Total Post-Petition Default** | **$6,660.86** |

2.      The Debtor shall cure said arrearages in the following manner:

a) On or before April 30, 2020, Debtor shall tender $3,853.38 to Movant, which represents

the funds Movant paid in regards to the 2018 School Taxes in the amount of $2,738.56; 2019 County Taxes

in the amount of $453.91; and 2019 Municipal Taxes in the amount of $660.91.

b) On or before April 30, 2020, Debtor shall provide to Movant proof of payment in full of

the 2019 School Taxes, which are still delinquent, and in the current amount of $2,807.48.

3.      Ongoing, Debtor shall be responsible for maintaining and paying all real property taxes and

hazard insurance on the property as required by the Note and Mortgage, and upon request, providing secured

creditor with proof of payment of real property taxes and valid hazard insurance for the property with secured

creditor identified as a loss payee.

4.      In the event the payments or proofs under Sections 2 and 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5.      Debtor states that all other prior property taxes other than the amounts listed in Section 1 are current.  If Movant obtains proof that other property taxes are delinquent, Movant may proceed with the notification of default and Certification of Default procedure described in Section 4.

6.      If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:    February 5, 2020                   By: /s/ Rebecca A. Solarz, Esquire
                                          Attorney for Movant


Date: February 21, 2020                            George M. Lutz, Esquire
                                          Attorney for Debtor


Date: 2/28/2020                                   Scott F. Waterman, Esquire
                                          Chapter 13 Trustee

Approved by the Court this _____ day of March____, 2020  However, the court retains
discretion regarding entry of any further order.

**Date: March 19, 2020**

_Patricia M. Mayer_
_____

Bankruptcy Judge
Patricia M. Mayer